UNITED STATES of America,

v.

Heidi Ann FLETCHER,

Heidi Ann FLETCHER, Petitioner,

v.

Edward H. LEVI et al., Respondents.

Civ. A. No. 75–2063.

United States District Court,
District of Columbia.

Jan. 16, 1976.

William E. McDaniels, Washington, D. C., for petitioner.

Robert Fabrikant, Asst. U. S. Atty., Washington, D. C., for respondents.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JUNE L. GREEN, District Judge.

### FINDINGS OF FACT

1. On December 15, 1971, Heidi Ann Fletcher was convicted in this Court by plea of guilty to Federal and District of Columbia Code offenses of first degree murder, bank robbery and related charges arising out of her participation as the driver of the escape vehicle in a bank robbery in the District of Columbia in which a Metropolitan Police Officer was killed.

2. At the time of her conviction, Heidi Ann Fletcher was 21 years old and therefore eligible for sentencing under the Youth Corrections Act. At a sentencing hearing, evidence was presented that petitioner had great potential for rehabilitation. Accordingly, on December 15, 1971, this Court sentenced petitioner pursuant to § 5010(c) of the YCA, which provides that "if the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the [Youth Correction Division of the Board of Parole] prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period [of time]." The Court imposed a nine-year commitment.

3. Heidi Ann Fletcher was first committed to the Terminal Island Facility, Long Beach, California, and was subsequently transferred to Pleasanton, California, Pursuant to the practice of the Parole Board in 1972, Heidi Ann Fletcher was originally considered for conditional release within six months of her incarceration. 40 Fed.Reg. 41329, § 2.11 (September 5, 1974) (hereinafter "Regs.") At that time, conditional release was denied and her case was continued for a further institutional review hearing in the Spring of 1975.

4. During her confinement, petitioner has taken advantage of and benefited from the treatment opportunities provided by the Youth Act, principally individual and group therapy and vocational and educational programs. In the view of the institutional case manager, "she has served as an example of maturity and good deportment to other residents."

5. Based on the undisputed record before the Court, Heidi Ann Fletcher matured and became rehabilitated during her Youth Act commitment. As a result of her progress, the authorities at the Federal Youth Center at Pleasanton concluded that, as of April 9, 1975, Heidi Ann Fletcher should be granted conditional release in June, 1975, pursuant to her approved parole plan. Her case manager's recommendation was as follows:

Ms. Fletcher has given every indication that she is ready for release to the community. She has served a great deal of time and made many changes in her life since commitment. Although her needs have been somewhat less than many of our residents, Ms. Fletcher has taken the opportunity to use her incarceration to accomplish constructive goals. It is evident that her most important progress was at Terminal Island, and Pleasanton has been a way of reintegration into the community for her. With her current employment and stable family situation, placement in a community residential facility is not indicated; therefore, it is recommended that Ms. Fletcher be paroled to a U. S. P. O. approved plan in June, 1975. Exhibit A.

### The Parole Board's Action

6. Pursuant to the Board's 1972 decision "to set-off" petitioner for three years, a parole hearing was held at the Federal Youth Center at Pleasanton before a panel of two examiners of the Board on May 29, 1975. The hearing examiners had available to them the Institutional Report (Exhibit A) and heard the testimony of her counselors, indicating that Heidi Ann Fletcher was rehabilitated and ready for conditional release. On May 29, 1975, petitioner was advised that her case was designated "Original Jurisdiction" and would be referred for decision to the Parole Board. *See,* 28 C.F.R. § 2.17. On June 20, 1975, petitioner was informed by the Board that it had denied her application for immediate conditional release and continued her case for two more years for an institutional review hearing in May of 1977. Exhibit B. In accordance with the Board's regulations, petitioner was informed in the Notice of Action that her salient factor score was 10, thus indicating that she had the most favorable prognosis for parole. The sole "reason" given for the denial of conditional release was as follows:

Your offense behavior has been rated as greatest severity because of the magnitude of the offense. You have a salient factor score of 10. You have been in custody a total of 45 months. Board guidelines for greatest severity cases do not specify a maximum limit. Therefore, the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with the offense behavior examples listed in the very high severity category. Your release at this time would depreciate the seriousness of the offense committed and thus is incompatible with the welfare of society. Exhibit B.

7. Petitioner exhausted her administrative remedy by appealing the June 20th decision to the entire Board of Parole. She specifically argued to the Board that the severity of the offense criteria could not be used as a sole reason for denying conditional release to an otherwise qualified youth offender. On October 15, 1975, at the regular meeting of the Board of Parole, Petitioner's appeal was heard with the Parole Board sitting as the National Appeals Board. On that date, without stating any additional reason, the denial of conditional release based on the severity of the offense was affirmed.

8. On December 10, 1975, Petitioner applied to this Court for relief alleging that her continued confinement as a youth offender based solely on the severity of her offense was unlawful. Her application for relief took two forms: A Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 and a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241.

9. Petitioner moved to consolidate the Section 2241 Petition with the § 2255 Motion for consideration by this Court. By

Order of December 11, 1975, the Motion to Consolidate was granted and on that date the government was ordered to show cause why the Petition for Habeas Corpus should not issue.

10. On December 17, 1975, counsel for petitioner and counsel for the United States Government met with this Court and a schedule for responses by the government to the Motion pursuant to U.S.C. § 2255 and the Petition pursuant to U.S.C. § 2241 was established. It was agreed that purely a question of law was presented and no evidentiary hearing requiring the presence of Petitioner would be necessary.

11. On December 19, 1975, the government moved to dismiss both actions or the alternate to transfer the § 2241 Petition to the District of Petitioner's confinement, the Northern District of California.

12. On December 31, 1975, the government responded to the merits of petitioner's complaints attaching an affidavit from Maurice Sigler, Chairman of the Parole Board. In its response, the government did not contest any of the allegations of petitioner's Motion or Petition except to argue that contrary to Petitioner's legal position, the Parole Board has the right to deny conditional release to a committed youth offender, based solely on the severity of the offense.

13. Based on the pleadings and the exhibits and affidavit attached thereto, this Court finds that Heidi Ann Fletcher is a committed youth offender otherwise eligible for conditional release whose continued custody is based solely on the opinion of the Board of Parole that her offense was so severe that release at this time would depreciate the seriousness of the offense and thus be incompatible with the welfare of society.

## CONCLUSIONS OF LAW

1. The Youth Corrections Act is a separate comprehensive sentencing scheme which is an alternate to the adult sentencing scheme for eligible persons. The Youth Corrections Act includes not only a separate commitment procedure but also separate custodial and probation provisions and separate release provisions.

■ 2. The primary purpose of the Youth Corrections Act is to rehabilitate the youth offender. Thus, the youth offender is committed for treatment in lieu of imprisonment otherwise authorized by law. Once committed, application of the Youth Act's provisions for treatment and release are to fit the individual and are not to be determined by the offense committed.

■ 3. It is unlawful to deny conditional release to a youth offender who is otherwise eligible for such release based solely on the conclusion by the Parole Board that the offense is so severe that release would depreciate the seriousness of the offense and thus be incompatible with the welfare of society.

4. Jurisdiction and venue in this Court are proper as to both actions.

5. The Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied in accordance with the attached order.

6. Relief pursuant to the Petition for Habeas Corpus will be granted in accordance with the attached order.

A. *Jurisdiction.* Petitioner alleges, and this Court finds, that her continued custody due to the denial to her of conditional release by the United States Board of Parole based solely on the severity of the offense is contrary to the laws of the United States, specifically the Youth Corrections Act. Petitioner was sentenced from this Court to the custody of the Attorney General. Moreover, this Court has jurisdiction over the respondent custodian of petitioner who can be reached by service of process within this Court and therefore, this Court can grant full and complete relief to the petitioner. Accordingly, this Court has jurisdiction over the Petition for Habeas Corpus. *Braden v. 30th Judicial Circuit of Ky.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *McCall v. Swain,* 166 U.S.App.D.C. 214, 510 F.2d 167 (1975); *Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918 (1974);

*Pickus v. United States Board of Parole,* 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974), and statutes and judicial authorities cited therein.

B. *Venue.* Finding jurisdiction and applying the principles of *McCall v. Swain,* 166 U.S.App.D.C. 214, 510 F.2d 167 (1975), and *Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918 (1974), this Court finds that the District of Columbia is an appropriate forum for the disposition of the Petition for Habeas Corpus. No reason of convenience to the parties warrants transfer of the proceeding to the District of petitioner's confinement, the Northern District of California. Petitioner was sentenced from this Court to the custody of the Attorney General. This Court and counsel for the government and petitioner are those most familiar with the proceedings in petitioner's case. Judicial economy has been served by resolving the Motion to Correct Sentence and the Petition for Habeas Corpus at the same time; the speed of final resolution has been advanced by having both matters heard by this Court; petitioner raised an issue of national policy with respect to the release criteria of the Parole Board and finally, there was no dispute about the facts requiring the presence of the petitioner for presentation of evidence peculiarly within the district of confinement.

C. This Court orders the Parole Board to discharge petitioner conditionally under supervision pursuant to 18 U.S.C. § 5017 in accordance with the attached Order.